TRAVIS BINDER
1545 S. CALLE DEL MAR #F
ANAHEIM, CA 92802
No Fax
No Email
In Pro Per



IFP Submitted

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMOSA VILLAGE PHASE I HOUSING PARTNERS, LP<br><br>PLAINTIFF,<br><br>VS.<br><br>LAUREN ESTHER DIEGUEZ DE LEON; AND DOES 1 TO 10 INCLUSIVE<br><br>DEFENDANT, | Case No.: 8 24-cv-00005-DOC-(KES)<br><br>**NOTICE OF REMOVAL UNDER [28 USC 1332, 1391, 1441, 1446 (6)]**<br>**Calif. CCP 430.90]**<br><br>From The SUPERIOR COURT OF CALIFORNIA<br>Case No. 30-2023-01342299-CL-UD-CJC |

By Fax

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, TRAVIS BINDER is a party in a California State Court filed in ORANGE County Superior Court, concerning real property located at 1545 S. CALLE DEL MAR #F, ANAHEIM, CA 92802 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

COMPLAINT REMOVING TO FEDERAL COURT- 1

4. Plaintiff is represented by Counsel in the State Court action as follows:

SHELLEY M. CRAWFORD #219957
2040 MAIN STREET, SUITE 500
IRVINE, CA 92614
(949) 46-5585

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

   b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on more 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b],

1  the PFTA requires that a full 90 days ' notice be given [PTFA
2  701(a)(a)]
3  c. Whereas under California Law, the notice of termination
4  can be given at any time after the foreclosure purchaser has
5  title [California Civil Procedures Code 1161a], under the
6  PFTA the 90-day notice can ONLY be given when the tenancy is
7  a month-to-month OR if the tenancy is a lease where the buyer
8  who will move into the premises as their primary residence.
9  [PFTA 701(a) (2)]
10  d. It is unlawful to evict a bona fide residential tenant of
11  a foreclosed landlord under Federal Law.
12 7. The complaint in this action was filed in State Court as
13 artful pleading, entitled by the Superior Court of California as
14 Unlawful Detainer, pleadings intentionally fails to allege
15 compliance with the PTFA, serving only a 3 day notice to quit.
16 Thus, in order to evict a bona fide residential tenant of a
17 foreclosed Landlord, Plaintiff was required to state a cause of
18 action under the PTFA, but sought to avoid those protections by
19 filing this action as an "Unlawful Detainer" by artful pleadings
20 in State Court.
21 8. A well-pleaded complaint is shown at least where the
22 Plaintiff's right to relief necessarily depends on resolution of
23 a substantial question of Federal Law. *Armstrong v. N. Mariana
24 Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare
25 Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const.
26 Laborers Vacation Trust for S. Cal*. 463 US 1, 12, 27-28 (1983). Here, the
27 complaint is based upon the PTFA, but it was brought in Superior
28 , and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if

(1) the federal issues are essential to the claims,

(2) there is a substantial federal issues in resolving such issues, and

(3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to

create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. The four criteria of *Cort V. Ash* 422 US 66 (1975) are satisfied:
    a. Defendant TRAVIS BINDER is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.
    b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.
    c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.
    d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant

without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, TRAVIS BINDER is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

Date: 01/02/2024

_Travis Binder_ **By Fax**
TRAVIS BINDER, IN PRO PER

COMPLAINT REMOVING TO FEDERAL COURT- 6

# Exhibit "A"

Case 8:24-cv-00005-DOC-KES   Document 1   Filed 01/02/24   Page 8 of 15   Page ID #:8
Electronically Filed by Superior Court of California, County of Orange, 08/10/2023 03:05:42 PM.
30-2023-01342299-CL-UD-CJC - ROA # 6 - DAVID H. YAMASAKI, Clerk of the Court By R. Gardea, Deputy Clerk.

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)
### UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

**SUM-130**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Lauren Esther Dieguez De Leon; AND DOES 1 TO 10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HERMOSA VILLAGE PHASE I HOUSING PARTNERS, L.P.

| | |
|---|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.<br><br>A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association. | *¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*<br><br>*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*<br><br>*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.* |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | *EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.* |

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
   700 CIVIC CENTER DRIVE WEST
   SANTA ANA, CA 92701

   CASE NUMBER *(número del caso):*
   30-2023-01342299-CL-UD-CJC

   Assigned for All Purposes   Commissioner Kunthavi Watson

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Shelley M. Crawford #219957
   2040 Main Street, Suite 500
   Irvine, CA 92614
   Kimball, Tirey & St. John LLP
   (949) 476-5585

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2023]

CEB Essential
ceb.com | Forms

SUMMONS—EVICTION
(Unlawful Detainer / Forcible Detainer / Forcible Entry)

Page 1 of 2
Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov

23-3237394

| | | SUM-130 |
|---|---|---|
| PLAINTIFF (Name): HERMOSA VILLAGE PHASE I HOUSING PARTNERS L.P. | CASE NUMBER: | |
| DEFENDANT (Name): Lauren Esther Dieguez De Leon | 30-2023-01342299-CL-UD-CJC | |

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. Unlawful detainer assistant *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date):*

Date: 08/10/2023 DAVID H. YAMASAKI, Clerk of the Court Clerk, by *Roberta Gardea* R. Gardea, Deputy
(Fecha) (Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)

[SEAL — Superior Court of California, County of Orange]

5. NOTICE TO THE PERSON SERVED: You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [X] as an occupant.
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation). [ ] CCP 416.60 (minor).
      [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
      [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
      [ ] CCP 415.46 (occupant). [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shelley M. Crawford, Bar #219957<br>Kimball, Tirey & St. John LLP<br>2040 Main Street, Suite 500<br>Irvine, CA 92614<br>TELEPHONE NO.: (949) 476-5585  FAX NO. (Optional): (949) 476-5580<br>E-MAIL ADDRESS: OCefiling@kts-law.com<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: Hermosa Village v. De Leon

| CIVIL CASE COVER SHEET<br>☐ Unlimited  ☒ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 30-2023-01342299-CL-UD-CJC<br>JUDGE: Commissioner Kunthavi Watson<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 08/09/2023

Shelley M. Crawford, Bar #219957                    ▶ /s/ Shelley M. Crawford
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
■CEB Essential
ceb.com |☑Forms

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

23-3237394

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

CM-010 [Rev. September 1, 2021]   CEB Essential ceb.com Forms   **CIVIL CASE COVER SHEET**   23-3237394   Page 2 of 2

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: Shelley M. Crawford, Bar #219957<br>FIRM NAME: Kimball, Tirey & St. John LLP<br>STREET ADDRESS: 2040 Main Street, Suite 500<br>CITY: Irvine STATE: CA ZIP CODE: 92614<br>TELEPHONE NO.: (949) 476-5585 FAX NO.: (949) 476-5580<br>EMAIL ADDRESS: OCefiling@kts-law.com<br>ATTORNEY FOR (name): Plaintiff | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SANTA ANA, CA 92701<br>BRANCH NAME: CENTRAL JUSTICE CENTER | | |
| PLAINTIFF: HERMOSA VILLAGE PHASE I HOUSING PARTNERS, L.P.<br>DEFENDANT: Lauren Esther Dieguez De Leon<br>[X] DOES 1 TO 10 inclusive | | **Assigned for All Purposes**<br>Commissioner Kunthavi Watson |
| COMPLAINT - UNLAWFUL DETAINER*<br>[X] COMPLAINT [ ] AMENDED COMPLAINT (Amendment Number): | | CASE NUMBER:<br>30-2023-01342299-CL-UD-CJC |

Jurisdiction (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded [X] does not exceed $10,000.
[ ] exceeds $10,000 but does not exceed $25,000.

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
[ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.
[ ] from unlawful detainer to general limited civil (possession not in issue).   [ ] from unlimited to limited.

1. PLAINTIFF (name each):
   HERMOSA VILLAGE PHASE I HOUSING PARTNERS, L.P.

   alleges causes of action against DEFENDANT (name each):
   Lauren Esther Dieguez De Leon

2. a. Plaintiff is   (1) [ ] an individual over the age of 18 years.   (4) [ ] a partnership.
                    (2) [ ] a public agency.                           (5) [ ] a corporation.
                    (3) [X] other (specify): Limited Partnership

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   1545 S. Calle Del Mar #F
   Anaheim, Orange County, CA 92802

   b. The premises in 3a are (check one)
      (1) [X] within the city limits of (name of city): Anaheim
      (2) [ ] within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year): 1960

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a). Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courts.ca.gov

CEB | Essential Forms
ceb.com

23-3237394

| | UD-100 |
|---|---|
| PLAINTIFF: HERMOSA VILLAGE PHASE I HOUSING PARTNERS, L.P.<br>DEFENDANT: Lauren Esther Dieguez De Leon | CASE NUMBER:<br>30-2023-01342299-CL-UD-CJC |

6. a. On or about (date): 05/07/2021
   defendant (name each):
   Lauren Esther Dieguez De Leon

   (1) agreed to rent the premises as a ☐ month-to-month tenancy  ☒ other tenancy (specify): 1 Year
   (2) agreed to pay rent of $  1,155.00  payable ☒ monthly  ☐ other (specify frequency):
   (3) agreed to pay rent on the ☒ first of the month  ☐ other day (specify):
   b. This ☒ written  ☐ oral  agreement was made with
   (1) ☐ plaintiff.        (3) ☐ plaintiff's predecessor in interest.
   (2) ☒ plaintiff's agent.  (4) ☐ Other (specify):
   c. ☒ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☒ Other (specify): Unknown
   d. ☒ The agreement was later changed as follows (specify):
   Rent was adjusted to $1176.00 per month, Effective 05/01/2023. In accordance with California Law.

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☒ (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
   a. ☒ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify): (e)(9)
   b. ☐ is subject to the Tenant Protection Act of 2019.

8. (Complete only if item 7b is checked. Check all applicable boxes.)
   a. ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
      (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
      (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to (name each defendant and amount given to each):

   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant (name each): Lauren Esther Dieguez De Leon

   was served the following notice on the same date and in the same manner:
   (1) ☐ 3-day notice to pay rent or quit        (5) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                          (not applicable if item 7b checked)
   (3) ☐ 60-day notice to quit                    (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) ☐ 3-day notice to quit                           Prior required notice to perform covenants served (date):
                                                   (7) ☒ Other (specify): 30-Day Pay or Quit - Res

UD-100 [Rev. September 1, 2020]     **COMPLAINT - UNLAWFUL DETAINER**     Page 2 of 4

CEB | Essential Forms
ceb.com                                                23-3237394

| | UD-100 |
|---|---|
| PLAINTIFF: HERMOSA VILLAGE PHASE I HOUSING PARTNERS, L.P.<br>DEFENDANT: Lauren Esther Dieguez De Leon | CASE NUMBER:<br>30-2023-01342299-CL-UD-CJC |

9. b. (1) On *(date):* 08/07/2023                the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) [ ] By personally handing a copy to defendant on *(date):*
    (2) [ ] By leaving a copy with *(name or description):*
        a person of suitable age and discretion, on *(date):*                            at defendant's
        [ ] residence   [ ] business   AND mailing a copy to defendant at defendant's place of residence
        on *(date):*                      because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] by posting a copy on the premises on *(date):* 07/06/2023
        [X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
        on *(date):* 07/06/2023
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
    b. [ ] *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
    c. [ ] *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*
    d. [ ] *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11. [ ] *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12. [X] *At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $*             1,176.00

13. [X] *The fair rental value of the premises is $*          39.20 per day.

14. [ ] *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [X] *A written agreement between the parties provides for attorney fees.*

16. [ ] *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*



Plaintiff has met all applicable requirements of the ordinances.

17. [X] *Other allegations are stated in Attachment 17.*

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| | |
|---|---|
| PLAINTIFF: HERMOSA VILLAGE PHASE I HOUSING PARTNERS, L.P.<br>DEFENDANT: Lauren Esther Dieguez De Leon | CASE NUMBER:<br>30-2023-01342299-CL-UD-CJC |

UD-100

**19. PLAINTIFF REQUESTS**
  a. possession of the premises.
  b. costs incurred in this proceeding:
  c. [X] past-due rent of $   1,176.00
  d. [X] reasonable attorney fees.
  e. [X] forfeiture of the agreement.
  f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
  g. [X] damages at the rate stated in item 13 from (date): 08/01/2023 for each day that defendants remain in possession through entry of judgment.
  h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
  i. [ ] other (specify):

20. [X] Number of pages attached (specify):

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400-6415)

21. [X] (Complete in all cases.) An unlawful detainer assistant [X] did not [ ] did for compensation give advice or assistance with this form. (If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)

  a. Assistant's name:
  b. Street address, city, and zip code:
  c. Telephone no.:
  d. County of registration:
  e. Registration no.:
  f. Expires on (date):

Date: 08/09/2023

Shelley M. Crawford, Bar #219957                    ▶ /s/ Shelley M. Crawford
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                           ▶ See attached verification
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF)